**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BRENDA STONE,**

**Plaintiff,**

**v.**

**CARESTAR, INC.,**

**Defendant.**

**Case Number 2:23-cv-3520**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge S. Courter M. Shimeall**

## OPINION AND ORDER

This matter is before the Court on six Motions in Limine filed by Plaintiff Brenda Stone (ECF Nos. 42, 43, 44, 45, 46, 47) and one Motion in Limine filed by Defendant CareStar, Inc. (ECF No. 48). CareStar responded to each of Ms. Stone's Motions in Limine (ECF Nos. 54, 55, 56, 57, 58, 59) and Ms. Stone responded to CareStar's Motion in Limine (ECF No. 53). These Motions in Limine are ripe for the Court's review. Trial is scheduled to commence on August 17, 2026. (ECF No. 33.)

For the reasons below, the Court **DENIES** Ms. Stone's Motion in Limine re 13 Comparators (ECF No. 42), **GRANTS** Ms. Stone's Motion in Limine re Medicaid Fraud (ECF No. 43), **HOLDS IN ABEYANCE** Ms. Stone's Motion in Limine re Speculation (ECF No. 44), **HOLDS IN ABEYANCE** Ms. Stone's Motion in Limine re Pamela Zipperer Davis (ECF No. 45), **DENIES AS MOOT WITHOUT PREJUDICE** Ms. Stone's Motion in Limine re Honest Belief Rule (ECF No. 46), **GRANTS IN PART** and **DENIES WITHOUT PREJUDICE IN PART** Ms. Stone's Motion in Limine re Hearsay (ECF No. 47), and **GRANTS** CareStar's Motion in Limine (ECF No. 48).

## BACKGROUND

This case arises out of CareStar's decision to terminate Ms. Stone's employment after Ms. Stone returned to work from leave taken pursuant to the Family and Medical Leave Act ("FMLA").[1] Ms. Stone sued, alleging that CareStar's conduct constituted age discrimination in violation of the Age Discrimination in Employment Act and Ohio law and retaliation/discrimination in violation of the FMLA. (ECF No. 1.) CareStar moved for summary judgment (ECF No. 16), which the Court granted in part and denied in part (ECF No. 29). The Court granted summary judgment in CareStar's favor on Ms. Stone's age discrimination claims (Counts I and II) and denied summary judgment as to Ms. Stone's FMLA retaliation/discrimination claim (Count III). (*Id.*) Trial is set to begin on August 17, 2026. (ECF No. 33.)

## LEGAL STANDARD

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)).

Motions in limine allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence on which they may not rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at *1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). To prevail on

[1] For a more complete factual background, reference this Court's summary judgment opinion and order at ECF No. 29.

a motion in limine, the movant must show that the evidence is clearly inadmissible. *Id.* (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). If the movant fails to meet that high standard, a court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial. *Henricks v. Pickaway Corr. Inst.*, No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sep. 2, 2016) (Marbley, J.) (citing *Ind. Ins. Co.*, 326 F. Supp. 2d at 846).

Whether to grant a motion in limine is within the sound discretion of the trial court; the Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Id.* (citing *Branham v. Thomas M. Cooley L. Sch.*, 689 F.3d 558, 562 (6th Cir. 2012); quoting *Bennett*, 2011 WL 4753414, at *1).

**ANALYSIS**

Ms. Stone filed six Motions in Limine (ECF Nos. 42, 43, 44, 45, 46, 47) and CareStar filed one (ECF No. 48). The Court addresses each in turn.

## I. Plaintiff Brenda Stone's Motion in Limine re 13 Comparators (ECF No. 42)

Ms. Stone seeks an order precluding CareStar, its witnesses, and counsel from referring to 13 other employee terminations as "similarly situated," "comparators," "same conduct," "same treatment," or proof of a uniformly applied termination policy unless CareStar first establishes, outside the presence of the jury, that each proposed comparator is similarly situated to Ms. Stone in all relevant respects. (ECF No. 42.) Ms. Stone argues that allowing CareStar to refer to 13 other employees as comparators or use those employees as evidence that Ms. Stone received the same treatment as others would mislead the jury unless CareStar first establishes that the 13 employees are similarly situated to Ms. Stone in the relevant ways. (*Id.*)

CareStar responds that Ms. Stone's Motion in Limine is an improper request for the Court to resolve questions of fact and make legal determinations after summary judgment but before trial. (ECF No. 55.) CareStar intends to introduce evidence of other employees' terminations and argues it is the jury's role to decide whether those employees are proper comparators. (*Id.* PageID 1091.)

In *Louzon v. Ford Motor Co.*, 718 F.3d 556 (6th Cir. 2013), the Sixth Circuit explained that it is improper for litigants to raise non-evidentiary issues through a motion in limine in a civil case. *Id.* at 561–63. Under similar facts to those presented here, the Sixth Circuit reversed a district court's ruling on a motion in limine filed by the defendant seeking to exclude evidence of comparators offered by the plaintiff to prove an employment discrimination claim on the basis that none were similarly situated as a matter of law. *Id.* at 558. Likewise, Ms. Stone argues that the 13 employees identified by CareStar are not comparators under the law. (ECF No. 42, PageID 661.) Addressing this argument requires a summary-judgment analysis, rather than an analysis of admissibility of evidence at trial. *Louzon*, 718 F.3d at 562. As such, this argument is not properly raised in a motion in limine. Ms. Stone may explore the factual differences between the 13 employees and herself on cross examination.

The Court **DENIES** Ms. Stone's Motion in Limine re 13 Comparators. (ECF No. 42.)

## II. Plaintiff Brenda Stone's Motion in Limine re Medicaid Fraud (ECF No. 43)

Ms. Stone seeks an order precluding CareStar, its witnesses, and counsel from referring to Ms. Stone's alleged conduct as "fraud," "Medicaid fraud," "fraudulent billing," "false billing," "criminal," "illegal," "dishonest billing," or similar accusatory labels unless CareStar first establishes, outside the presence of the jury, a proper evidentiary foundation for those terms. (ECF No. 43, PageID 778.) Ms. Stone argues that CareStar should not be permitted to convert

disputed documentation issues into inflammatory legal or quasi-criminal labels that lack foundation and risk unfair prejudice, jury confusion, and a trial within a trial over Medicaid billing. (*Id.*)

CareStar responds that it does not plan to argue Ms. Stone engaged in criminal activity, but says witnesses with knowledge of the reasons for Ms. Stone's termination should not be censored in advance from using words that accurately describe the effect of a case manager falsifying documents and why this conduct is a problem significant enough to result in termination. (ECF No. 57, PageID 1098.) It appears CareStar will offer evidence about the impact of submitting false documentation to the Ohio Department of Medicaid, such as incurring fines and losing contracts. (*Id.* PageID 1100.) CareStar argues the jury must fully understand its reasons for terminating Ms. Stone to determine whether the termination was retaliation for taking FMLA leave. (*Id.* PageID 1098.)

Rule 401 provides that evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401. Rule 403 allows for the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

The Court agrees with Ms. Stone that characterizing her conduct as criminal, illegal, or fraudulent poses a danger of unfair prejudice that substantially outweighs any probative value those characterizations may offer. This case does not involve fraud claims, and the Court considers those characterizations to border on improper legal conclusions and opinion testimony here. Ms. Stone's Motion in Limine is narrow—it seeks to preclude "inflammatory legal or

quasi-criminal labels." (ECF No. 43, PageID 778.) The Court's decision to grant this Motion does not preclude CareStar from offering evidence that Ms. Stone's documentation was inaccurate, CareStar submits documentation to the Ohio Department of Medicaid for billing purposes, and CareStar incurs consequences for submitting inaccurate documentation. The jury may then draw reasonable inferences based on that evidence. But the Court excludes evidence that explicitly characterizes Ms. Stone's conduct as criminal, illegal, or fraudulent under Rule 403.

The Court **GRANTS** Ms. Stone's Motion in Limine re Medicaid Fraud. (ECF No. 43.)

## III. Plaintiff Brenda Stone's Motion in Limine re Speculation (ECF No. 44)

Ms. Stone seeks an order precluding CareStar, its witnesses, and counsel from offering evidence, argument, or testimony suggesting that Ms. Stone's alleged documentation issues caused, risked, or could have caused harm, illness, death, or life-threatening consequences to any CareStar client unless CareStar first establishes, outside the presence of the jury, a non-speculative factual foundation for that assertion. (ECF No. 44.) Ms. Stone says CareStar should not be permitted to argue that she endangered clients when no client harm is alleged in the contemporaneous termination document and no witness has identified any client who was actually harmed by Ms. Stone's alleged conduct. (*Id.*)

In response, CareStar says it considered the potential harm to clients that could result from Ms. Stone's conduct when deciding to terminate her employment. (ECF No. 54, PageID 1084–85.) Because CareStar's rationale for the termination is a central issue in this case, CareStar argues Ms. Stone's Motion in Limine should be denied. (*Id.*) CareStar also says its witnesses have personal knowledge about the consequences that may result from a lapse in required care. (*Id.* PageID 1083–84.)

The Court agrees with CareStar that the consequences of Ms. Stone's alleged documentation issues are relevant to the extent CareStar considered them when terminating Ms. Stone's employment. At the same time, though, the Court recognizes that evidence about the potential for illness or death to result from Ms. Stone's conduct poses a risk of unfair prejudice and exclusion may be warranted under Rule 403, particularly if this evidence is overemphasized or repeatedly discussed. In addition, the Court agrees with Ms. Stone that testimony on this issue must be based on personal knowledge, not speculation. (ECF No. 44, PageID 849.) At present, though, the Court finds it premature to decide whether the danger of unfair prejudice substantially outweighs the evidence's probative value or whether CareStar's witnesses can lay a proper foundation. Those issues are better suited for resolution during trial.

The Court **HOLDS IN ABEYANCE** Ms. Stone's Motion in Limine re Speculation. (ECF No. 44.) If the issues that the Court holds in abeyance in this Opinion and Order arise at trial and CareStar believes it has laid the proper foundation for such evidence, CareStar may ask the Court for permission to proceed.

## IV. Plaintiff Brenda Stone's Motion in Limine re Pamela Zipperer Davis (ECF No. 45)

Ms. Stone seeks an order excluding or substantially limiting the testimony of Pamela Zipperer Davis, CareStar's President and Chief Executive Officer, regarding Ms. Stone's alleged conduct, Medicaid billing, client harm or death, CareStar's alleged zero-tolerance policy, and the 13 alleged comparator terminations. (ECF No. 45.) Ms. Stone says Ms. Zipperer Davis's anticipated testimony on these issues would be based on secondhand information, litigation-prepared conclusions, or specialized billing and clinical opinions that are not proper lay testimony. (*Id.*)

In response, CareStar says it will lay the proper foundation as to Ms. Zipperer Davis's knowledge of these matters during her trial testimony. (ECF No. 59.) CareStar notes Ms. Zipperer Davis has overseen CareStar's operations since 2016 and says she is aware of the reasons for terminating a case manager and the process for doing so. (*Id.* PageID 1110, 1112.)

The Court views Ms. Stone's arguments for exclusion as premised on the assumption that Ms. Zipperer Davis will be unable to lay a proper foundation to testify about certain topics. Indeed, Ms. Stone does not seek to prevent Ms. Zipperer Davis from "testifying about matters she personally knows." (ECF No. 45, PageID 941.) Courts may properly deny or defer ruling on motions in limine when issues such as foundation require the context of the trial for resolution. *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. The ultimate resolution of Ms. Stone's Motion in Limine depends on Ms. Zipperer Davis's testimony, which is an issue best left for trial. The Court **HOLDS IN ABEYANCE** Ms. Stone's Motion in Limine re Pamela Zipperer Davis. (ECF No. 45.)

## V. Plaintiff Brenda Stone's Motion in Limine re Honest Belief Rule (ECF No. 46)

Ms. Stone seeks an order precluding CareStar, its witnesses, and counsel from presenting the "honest belief" rule as a separate defense at trial. (ECF No. 46.) Ms. Stone argues that doing so would confuse the jury, misstate the issues for trial, and invite the jury to excuse retaliatory conduct based on a legal doctrine the Court held did not entitle CareStar to summary judgment. (*Id.*)

In response, CareStar notes that it did not request an honest belief jury instruction. (ECF No. 56.) Instead, CareStar proposed a business judgment instruction to inform the jurors they do not need to agree with CareStar's employment standards or workplace policies. (*Id.*; ECF No. 49, PageID 1064.) The proposed instruction states that jurors are not to substitute their judgment for

that of CareStar's or decide the case based upon what they would have done if they had been the decisionmaker. (ECF No. 49, PageID 1064.) Ms. Stone objected to CareStar's business judgment instruction (ECF No. 62, PageID 1126–27), and that objection will be resolved through the Court's process for finalizing jury instructions.

Because CareStar has not proposed an honest belief jury instruction and has not indicated that it intends to raise an honest belief defense at trial, the Court **DENIES AS MOOT WITHOUT PREJUDICE** Ms. Stone's Motion in Limine re Honest Belief Rule. (ECF No. 46.)

## VI. Plaintiff Brenda Stone's Motion in Limine re Hearsay (ECF No. 47)

Ms. Stone seeks an order precluding CareStar, its witnesses, and counsel from (1) offering out-of-court statements by unnamed or unidentified clients through Ms. Stone's supervisor, Cariel Christman, to prove that Ms. Stone did not contact clients and (2) arguing that CareStar's phone-record comparison conclusively proves that no client contact occurred. (ECF No. 47.) As to the first request, Ms. Stone argues that testimony from Ms. Christman about clients' out-of-court statements offered for the truth of those statements constitutes inadmissible hearsay. (*Id.* PageID 972.) As to the second, Ms. Christman apparently found eight instances where Ms. Stone's communication note entry did not have a corresponding call to a client, but Ms. Stone argues this evidence does not conclusively establish that no call occurred, so CareStar should not be allowed to make that argument. (*Id.* PageID 973–74.)

CareStar responds that evidence about Ms. Christman's conversations with Ms. Stone's clients is not hearsay when offered to show the effect of those conversations on Ms. Christman or her then-existing state of mind. (ECF No. 58, PageID 1104.) And, as for the phone record comparison, CareStar argues that Ms. Christman and others should be permitted to testify about

the records they reviewed, and Ms. Stone's counsel is free to address weaknesses in that testimony on cross examination. (*Id.* PageID 1107.)

Hearsay is an out-of-court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Unless a statement falls within an exception or exclusion set forth by the Federal Rules of Evidence, federal statute, or Supreme Court precedent, hearsay is inadmissible. Fed. R. Evid. 802. "A statement that is not offered to prove the truth of the matter asserted but to show its effect on the listener is not hearsay." *United States v. Churn*, 800 F.3d 768, 776 (6th Cir. 2015) (quoting *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 379 (6th Cir. 2009)).

First, the Court considers evidence about Ms. Christman's communications with Ms. Stone's clients. CareStar indicates this evidence will be offered for the effect of the communications on Ms. Christman. (ECF No. 58, PageID 1104, 1106.) When used in this way, the evidence is not hearsay. *See Churn*, 800 F.3d at 776 (noting that statements offered to show why the listener acted as she did, rather than for the truth of those statements, are not hearsay). But Ms. Stone also argues that Rule 403 provides an independent basis for exclusion, reasoning that the jury could treat the unnamed clients' statements as substantive proof and Ms. Stone will not have the opportunity to cross-examine those clients. (ECF No. 47, PageID 975.) CareStar does not respond to this point, and the Court agrees that this evidence should be excluded under Rule 403. The clients' statements were made outside of court by unidentified individuals and, if admitted, Ms. Stone would be unable to meaningfully cross-examine or otherwise rebut such testimony. Ms. Stone "does not ask the Court to exclude all testimony about CareStar's investigation," and Ms. Christman may testify about other aspects of her investigation into Ms. Stone's records. (ECF No. 47, PageID 976.) But the Court concludes that the danger of unfair

prejudice posed by out-of-court statements made by unidentified clients substantially outweighs the probative value of that evidence. Ms. Stone's Motion in Limine is granted as to this issue.

Second, the Court considers CareStar's phone record comparison. Ms. Stone's arguments go to the weight of this evidence and are proper issues for cross examination, but do not render evidence about the phone record comparison inadmissible. The witnesses who reviewed Ms. Stone's communication note entries and phone records may testify as to their review of records, but not to third-party phone calls. And Ms. Stone may address any incompleteness or discrepancies in those records on cross examination.

The Court **GRANTS IN PART** and **DENIES WITHOUT PREJUDICE IN PART** Ms. Stone's Motion in Limine re Hearsay. (ECF No. 47.) The Court grants the Motion in Limine as to evidence about out-of-court statements made by unidentified clients and denies without prejudice the Motion in Limine as to CareStar's phone record comparison.

## VII. Defendant CareStar, Inc.'s Motion in Limine (ECF No. 48)

CareStar seeks an order excluding evidence and argument related to (1) Ms. Stone's previously dismissed age discrimination claims and (2) emotional distress damages. (ECF No. 48.) As to the first request, CareStar argues evidence introduced to prove or imply that Ms. Stone was replaced by a younger employee or otherwise subjected to age discrimination should be excluded because the Court dismissed Ms. Stone's age discrimination claims at the summary judgment stage. (*Id.* PageID 1052–53.) As to the second point, CareStar says Ms. Stone's remedies are limited to those available under the FMLA and the FMLA does not provide for emotional distress damages. (*Id.* PageID 1053–55.)

In response, Ms. Stone clarifies that she does not intend to offer evidence or argument that she was subjected to age discrimination and does not seek emotional distress damages under

the FMLA. (ECF No. 53.) Ms. Stone does not oppose exclusion of evidence or argument offered solely to prove dismissed age discrimination claims or to recover emotional distress damages, but opposes CareStar's Motion in Limine to the extent it seeks the preclusion of admissible evidence relevant to the remaining FMLA retaliation claim. (*Id.*)

The Court doubts that evidence relating to Ms. Stone's previously dismissed claim and damages she does not seek is relevant under Rule 401, here. The Court grants CareStar's Motion in Limine on Rule 403 grounds, though, as any probative value offered by this evidence is minimal and substantially outweighed by the danger of confusing the issues and unfair prejudice. Fed. R. Evid. 403. As such, the Court **GRANTS** CareStar's Motion in Limine. (ECF No. 48.)

**CONCLUSION**

For the reasons above, the Court **DENIES** (ECF No. 42) Plaintiff Brenda Stone's Motion in Limine re 13 Comparators, **GRANTS** (ECF No. 43) Plaintiff Brenda Stone's Motion in Limine re Medicaid Fraud, **HOLDS IN ABEYANCE** (ECF No. 44) Plaintiff Brenda Stone's Motion in Limine re Speculation, **HOLDS IN ABEYANCE** (ECF No. 45) Plaintiff Brenda Stone's Motion in Limine re Pamela Zipperer Davis, **DENIES AS MOOT WITHOUT PREJUDICE** (ECF No. 46) Plaintiff Brenda Stone's Motion in Limine re Honest Belief Rule, **GRANTS IN PART** and **DENIES WITHOUT PREJUDICE IN PART** (ECF No. 47) Plaintiff Brenda Stone's Motion in Limine re Hearsay, and **GRANTS** (ECF No. 48) Defendant CareStar, Inc.'s Motion in Limine.

This case remains open.

**IT IS SO ORDERED.**

**8/5/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**